UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALEKSANDR LEVCHENKO and VICTOR
LEVCHENKO,

        Plaintiffs,    **REPORT & RECOMMENDATION**
                  **10 CV 1804 (NGG)(LB)**

  -against-

MERS, ANTHONY MAZILLO,
JAMES JOHNSON,
DEUTSCHE NATIONAL TRUST COMPANY,
AMERICAN BROKERS CONDUIT,
AMERICAN HOME MORTGAGE
SERVICING, INC., AMERICAN HOME
MORTGAGE CORP., AMERICAN HOME
MORTGAGE INVESTMENT CORP.,
INVESCO LTD., INVESCO PRIVATE CAPITAL,
WL ROSS, WL ROSS & CO., LLC,
FIRST LIBERTY ABSTRACT, LLC,
FEIN, SUCH & CRANE, LLP, V.S. VILKHU,
ESQUIRE, NATIONAL CITY BANK,
PNC BANK, and JOHN DOES 1-9

        Defendants.
------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

  Plaintiffs filed the instant pro se action on April 22, 2010. The Court's records do not reflect that plaintiffs have filed proof that defendants have been served with the summons and complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

  On April 28, 2010, the Court ordered plaintiffs to serve process on defendants by August 20, 2010. The Court's Order was explicit and stated that "if service is not made upon defendants

by August 20, 2010 or plaintiffs fail to show good cause why such service has not been effected, it will be recommended that the Court dismiss this action without prejudice."

On June 2, 2010, plaintiffs filed certified mail receipts with the Court, with respect to some but not all defendants. Docket entry 5. The Court informed plaintiffs that the certified mail receipts were not proper proof of service and that if plaintiffs failed to file proper proof of service on defendants by August 20, 2010, the Court shall recommend that the case should be dismissed. Docket entry 12.

On August 20, 2010, plaintiffs requested that the Court order service by the United States Marshal Service (USMS). Plaintiffs included an affidavit of service stating that they mailed copies of the summons, complaint, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of Service of Summons forms to all defendants except two on May 11, 2010 and that defendants failed to respond. The Court denied plaintiffs' request that the Court order the USMS to serve process on defendants, but granted plaintiffs an extension of time to serve defendants, to October 1, 2010.

Plaintiffs have failed to file proof of proper service or show good cause why service has not been made on defendants. Accordingly, it is respectfully recommended that plaintiffs' complaint should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure with respect to: Deutsche National Trust Company, American Home Mortgage Servicing, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., Invesco Ltd., Invesco Private Capital, WL Ross, WL Ross & Co., LLC, First Liberty Abstract, LLC, Fein, Such & Crane, LLP, V.S. Vilkhu, Esquire, MERS, Anthony Mazillo, James Johnson, and American Brokers Conduit.[1]

---

[1] Defendants National City Bank and PNC Bank have moved to dismiss the complaint. Docket entry 16. That motion is pending. On October 7, 2010, plaintiffs filed an objection to and request to strike defendants' motion to dismiss. Docket entry 17.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiffs' action should be dismissed without prejudice for failure to serve defendants[2] under Federal Rule of Civil Procedure 4(m).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/

LOIS BLOOM
United States Magistrate Judge

Dated: October 15, 2010
Brooklyn, New York

---

[2] This Report does not consider National City/PNC Banks' motion. As plaintiffs never identified John Does 1-9, the action should be dismissed against the unidentified defendants.