D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEKSANDR LEVCHENKO and VICTOR
LEVCHENKO,

                Plaintiffs,

-against-

MERS, ANTHONY MAZILLO, JAMES
JOHNSON, DEUTSCHE NATIONAL TRUST
COMPANY, AMERICAN BROKERS CONDUIT,
AMERICAN HOME MORTGAGE SERVICING,
INC., AMERICAN HOME MORTGAGE CORP.,
AMERICAN HOME MORTGAGE INVESTMENT
CORP., INVESCO LTD., INVESCO PRIVATE
CAPITAL, WL ROSS, WL ROSS & CO., LCC,
FIRST LIBERTY ABSTRACT, LCC, FEIN, SUCH
& CRANE LLP, V.S. VILKHU, ESQUIRE,
NATIONAL CITY BANK, PNC BANK, and JOHN
DOES 1-9,

                Defendants.

**MEMORANDUM & ORDER**

**10-CV-1804 (NGG) (LB)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 11 2011 ★
BROOKLYN OFFICE

------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On April 22, 2010, Plaintiffs pro se Aleksandr Levchenko and Victor Levchenko (the "Levchenkos") brought an action under the Truth in Lending Act, 15 U.S.C. § 1601, against Defendants for claims regarding the Levchenkos' mortgage on their home. (Compl. (Docket Entry # 1).) On September 9, 2010, Defendants National City Bank and PNC Bank (collectively, the "Banks")[1] filed a motion to dismiss the Complaint on various grounds, including lack of proper service. (Defs.' Mem. (Docket Entry # 16-3) at 2.) The Levchenkos filed an opposition on October 7, 2010 (Pls.' Opp'n (Docket Entry # 17)), and the Banks replied on October 19,

---

[1] PNC Bank's attorney, Cynthia Okrent, avers that PNC Bank is National City Bank's successor after a merger between the two companies. (Okrent Aff. (Docket Entry # 16-1) ¶ 1.) Because this does not affect the court's decision, the court accepts this as true for purposes of this opinion.

1

2010 (Docket Entry # 19). On November 9, 2010, the court dismissed the Levchenko's claims against the remaining Defendants for lack of proper service. (Docket Entry # 20.)

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Attached to its motion, the Banks' attorney avers that, as of July 26, 2010, the Banks had not been served with the Levchenkos' Complaint. (Okrent Aff. (Docket Entry # 16-1) ¶ 3.) The docket shows that the Levchenkos have filed a number of certified mail receipts demonstrating that the Levchenkos have mailed the Summons and Complaint to various defendants, but none on either of the Banks. (See Docket Entry ## 4, 5.) Nothing else on the docket indicates that the Banks have otherwise been properly served in this action.

In their opposition to the motion to dismiss, the Levchenkos give several reasons as to why they have not properly served the Banks. First, they claim that they phoned the Banks' attorney, Cynthia Okrent, who they admit stated to them that she was "unauthorized to accept service on behalf of her clients." (Pls.' Opp'n ¶ 4.) This, they argue, demonstrated a lack of "good faith," (Pls.' Opp'n ¶ 7), and violated Federal Rule of Civil Procedure 4(e)(1) by way of New York Civil Practice Law and Rules, article 3, which permits personal service upon a corporation "to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311; (see Pls.' Opp'n ¶ 5-6.) But the Levchenkos fail to prove—or even assert—that Ms. Okrent was actually authorized to accept service on the Banks' behalf. As a general matter, "service of process on an attorney not authorized to accept service for his client is ineffective." Santos v. State Farm Fire and Cas. Co., 902 F.2d 1092, 1094 (2d Cir. 1990). In any event,

2

regardless as to whether Ms. Okrent was authorized to accept service on behalf of the Banks, nothing on the docket or in the Levchenkos' papers indicates that the Levchenkos attempted to perfect service on the Banks by serving anyone, anything, by any method.

Second, the Levchenkos claim that they had paid a process server to serve the Banks but that the process server failed to do so. (Pls.' Opp'n ¶ 7.) But this fails to explain why the Levchenkos have since failed to reattempt proper service on the Banks, hired another process server, or served the Banks by another method of service.

Magistrate Judge Lois Bloom previously warned the Levchenkos about failing to properly serve defendants whom they are suing. (Docket Entry # 18.) Indeed, the court previously dismissed the instant claims against numerous Defendants for just the same reason. (Docket Entry # 20.) Here, the Levchevkos have simply not provided any reason why they have failed to properly serve the Banks despite having over *440 days* to do so since the filing of their Complaint. (See Compl.)

Accordingly, National City and PNC Banks' motion to dismiss is GRANTED under Federal Rule of Civil Procedure 4(m). As there are no remaining defendants, the Clerk of Court is directed to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
      July 7, 2011

NICHOLAS G. GARAUFIS  
United States District Judge